IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CHRIS BURRIS PLAINTIFF

v. Civil No. 1:11-cv-01051

TONYA CLEMENTS, Store Clerk, Tobacco Superstore; DETECTIVE TODD SURBER, El Dorado Police Department; and LIEUTENANT NICHOLAS, El Dorado Police Department DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff, Chris Burris, pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for a determination of whether Plaintiff should be granted *in forma pauperis status* and whether service of process should issue. For the reasons stated below, it is my recommendation that the application to proceed *in forma pauperis* be denied and the Complaint be dismissed.

**1. Background**

According to the allegations of the complaint, on May 12, 2009, there was a robbery of the Day-N-Nite store in El Dorado, Arkansas. The store clerk, Tonya Clements, identified Plaintiff as one of the two males who robbed the store. Plaintiff was arrested on May 28, 2009, and charged with aggravated robbery, possession of a firearm by a felon, and theft of property.

Plaintiff maintains the store surveillance video showed both robbers were wearing handkerchiefs over their faces. Given this, he maintains Clements could not have seen his face. He

asserts she recognized him in a photo line up only because he was a customer of the store. Plaintiff maintains Clements, Detective Surber, and Lieutenant Nicholas gave perjured testimony at the trial.

As relief, Plaintiff wants his false conviction set aside and his release from jail. Plaintiff also seeks damages for pain and suffering.

**2. Discussion**

Pursuant to 28 U.S.C. § 1915(e), the Court has the obligation to screen any complaint filed *in forma pauperis*. Section 1915(e)(2)(B)(i-iii) provides that on review, the court "shall dismiss the case at any time if the court determines that . . . the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

In reviewing an *in forma pauperis* application, there is a two step process followed by the Court. First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982); *see also* 28 U.S.C. § 1915A(b)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.); 28 U.S.C. § 1915(e)(2)(B)(i-iii).

In his affidavit, Plaintiff states he has no income or assets. The records from the Arkansas Department of Correction show his monthly balance averaged seven cents. The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for *in forma pauperis* status.

However, the claims are clearly subject to dismissal as they are frivolous, fail to state claims upon which relief may be granted, or are not presently cognizable. First, Plaintiff's claims against

Clements are subject to dismissal. A § 1983 complaint must allege that each Defendant, acting under color of state law, deprived Plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. While there are limited circumstances in which a private party may be considered to be a state actor, Plaintiff has not alleged Clements conspired with the State and its agents or that Clements willfully participated in joint activity with the State and its agents. *See e.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). "[A] private party's mere invocation of state legal procedures does not constitute state action." *Youngblood v. Hy-Vee Food Stores, Inc.*, 226 F.3d 851, 855 (8th Cir. 2001)(Store employee, who was not employed by the police department, was not a state actor when employee reported suspected shoplifting and detained the shoplifter until police arrived)(*citing Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 n. 21 (1982)).

Similarly, a private individual who complains of criminal conduct and is a witness for the prosecution does not act under color of law. *See e.g., Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975)("The mere fact that the individual defendants were complainants and witnesses in an action which itself was prosecuted under color of law does not make their complaining or testifying other than what it was, *i.e.,* the action of private persons not acting under color of law."); *Rodgers v. Lincoln Towing Service, Inc.*, 596 F. Supp. 13, 21 (N.D. Ill. 1984), *aff'd*, 771 F.2d 194 (7th Cir. 1985)(A private citizen does not act under color of law when reporting a crime). It is clear Clements cannot be sued under § 1983 because she is a private citizen, not acting under color of state law.

Second, no claim is stated against the Defendants with respect to their alleged perjured testimony. Witnesses at criminal proceedings are entitled to absolute immunity. *Briscoe v. LaHue*, 460 U.S. 325 (1983)(A witness at trial has absolute immunity from suit under § 1983 for giving false testimony damaging to a subject of that testimony).

Third, Plaintiff's claims that he was wrongfully convicted are not presently cognizable. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose

unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. Plaintiff's conviction has not been reversed, set aside, or otherwise held to be invalid.

Finally, Plaintiff may not seek relief in the form of release from imprisonment and reversal of his conviction in a civil rights case under § 1983. Section 1983 cannot be utilized to challenge the fact or duration of confinement. *See Preiser v. Rodriguez,* 411 U.S. 475, 489-90 (habeas corpus is exclusive remedy for state prisoner who challenges fact or duration of his confinement and seeks immediate or speedier release).

**3. Conclusion**

Accordingly, I recommend that the motion to proceed *in forma pauperis* (Doc. 1) be denied and the Complaint be dismissed as the claims asserted are frivolous, fail to state claims upon which relief may be granted, or are not cognizable. 28 U.S.C. § 1915(e)(2)(B)(i-ii). Despite the dismissal of the complaint, the Plaintiff remains liable for the $350 filing fee under the provisions of the Prison Litigation Reform Act (PLRA). *See e.g., In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997)(Under PLRA, prisoners are responsible for filing fees from the moment the civil action is filed). The Clerk should be instructed to collect the $350 filing fee from the Plaintiff.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of November 2011.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE